FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2024 JUN -5 P 4:53

| | |
|---|---|
| THOUSAND OAKS BARREL CO. LLC<br>a Virginia Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | Civil Action No. 1:24-CV-00958-RDA-WEF |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE UNDER SEAL PLAINTIFF'S *EX PARTE* MOTION FOR ENTRY OF A (1) TEMPORARY RESTRAINING ORDER, (2) ASSET RESTRAINING ORDER, (3) EXPEDITED DISCOVERY ORDER, AND (4) SERVICE OF PROCESS BY EMAIL**

Pursuant to Local Civil Rule 5, Plaintiff Thousand Oaks Barrel Co. LLC ("TOB" or "Plaintiff"), by counsel, hereby moves for leave to file the following documents under seal: (I) Plaintiff's Motion for Leave to File Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email; (II) this Motion for Leave to Seal and supporting Memorandum and declaration which includes Plaintiff's name in the title and details of how Defendants monitor and subvert lawsuits.. Sealing this portion of the docket is necessary to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order by Amazon.com and

1

**FILED UNDER SEAL**

Etsy.com. Once the temporary restraining order has been served and executed by Amazon.com and Etsy.com, Plaintiff will move to unseal these documents.

Sealing this portion of the docket is necessary to prevent Defendants from learning of these proceedings prior to the execution of the temporary restraining order by Amazon.com and Etsy.com. Once the temporary restraining order has been served and executed by Amazon.com and Etsy.com, Plaintiff will move to unseal these documents. Sheets Decl. ¶ 4. TOB has a strong interest in preventing Defendants from discovering the existence of this suit. Plaintiff will move for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained. Sheets Decl. ¶ 5.

Plaintiff will suffer irreparable harm if Defendants are able to transfer their assets in this manner. Accordingly, Plaintiff has a strong interest in temporarily sealing the above referenced documents, and this interest substantially outweighs the general interest in access to court record. Sheets Decl. ¶ 6.

Mr. Sheets currently represents the Plaintiff in *Thousand Oaks Barrel Co LLC v. The Partnerships, etc.*, Civ. Action No. 1:23-cv-1563 (E.D. Va. Nov. 16, 2023). An example of such transfer of assets occurred multiple times in that case. That case was not filed under seal. Sheets began to receive emails and phone calls from attorneys many of whom were based in China, within days of the complaint going public on PACER. Sheets Decl. ¶ 7. It took approximately three and a half weeks between the date of filing the complaint and the seizure of seller accounts by Amazon.com based on the temporary restraining order. When Sheets received discovery from Amazon, he found that a number of seller accounts had sold over $100,000.00 of goods but only

had less than $5,000.00 left in their seller accounts by the time the TRO was executed by Amazon.com. Sheets Decl. ¶ 8. Over the course of the lawsuit, Sheets learned there are many China based attorneys and US based attorneys representing sellers on Amazon.com. Either the sellers, or their attorneys for them, monitor PACER for any notice a lawsuit against them. This gives them time to withdraw funds from their seller accounts. Sheets Decl. ¶ 9.

Plaintiff has previously filed the above-listed case naming numerous Chinese defendants. Attorney Sheets has no doubt that due to the prior lawsuit, defendants in Schedule A are watching PACER for the reasons stated above. Sheets Decl. ¶ 10.

In determining whether to seal a document, courts look to whether "competing interests outweigh the interest in access." *U.S. ex rel Carter v. Halliburton Co.*, No. 1:10CV864 JCC/TCB, 2011 WL2077799, at *1 (E.D. Va. May 24, 2011). Courts frequently seal documents in trademark counterfeiting and infringement cases to preclude the defendant from learning of the case until its assets can be restrained or seized. *See, e.g., Chanel, Inc. v. Bestbuyhandbag.com*, No, 14-62191-CIV, 2014 WL 7185382, at *4 (S.D. Fla. Dec. 16, 2014) (court filed TRO under seal and directed PayPal to restrain defendant's funds); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL S265121, at *1 (S.D.N.Y. Oct. 24, 2012) (Court "granted Plaintiffs request to file the Complaint under seal... so that Plaintiff could obtain certain ex parte remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Lorillard Tobacco Co. v. Amana Oil, Inc.*, No. 10-13296, 2011 WL 2669466, at *2 (E.D. Mich. July 7, 2011) (court temporarily sealed documents related to ex parte seizure of counterfeit cigarettes); *Sony Computer Entm't Am., Inc. v. Gamemasters*, 87 F. Supp. 2d 976, 978 (N.D. Cal. 1999) (court sealed motion papers related to request for TRO and seizure of counterfeit

goods); *Universal City Studios, Inc. v. Ahmed*, No. CIV. A. 93-3266, 1993 WL 429099, at *1 (E.D. Pa. Oct. 20, 1993) (explaining that case file was sealed "to preserve secrecy while the plaintiffs recovered the counterfeit" goods).

Plaintiff has a strong interest in preventing Defendants from discovering the existence of the suit. Plaintiff has moved for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants will receive notice that their assets are at risk and will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained.[1] Plaintiff will suffer irreparable harm if Defendants are able to transfer their assets in this manner. Accordingly, Plaintiff has a strong interest in temporarily sealing the above referenced documents, and this interest substantially outweighs the general interest in access to court records.

The Court may seal documents if it (1) provides public notice of the request to seal and allows a reasonable opportunity to object, (2) considers less drastic alternative measures, and (3) provides specific reasons and findings for its decision to seal the documents and for rejecting alternative options. *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000). By this motion, the public is provided notice of the request to seal and an opportunity to object to the request. Plaintiff only seeks to seal the above-identified documents temporarily. No less drastic alternative is available to prevent Defendants from learning of this suit and transferring their assets away from PayPal and out of the Court's reach before they can be restrained.

Accordingly, Plaintiff respectfully requests that the Court initiate this case under seal, and for leave to temporarily file under seal and/or file redacted versions of the following documents:

---

[1] Plaintiff believes that at least half of Defendants are Chinese companies or individuals with overseas bank accounts not subject to this Court's jurisdiction. See generally Verified Complaint.

**FILED UNDER SEAL**

(1) Complaint Cover Page which discloses Plaintiff's name, (2) Verified Complaint, which discloses Plaintiff's name and account names used by Defendants; (3) Schedule A to the Complaint, which includes a list of Amazon.com account names and identification numbers used by Defendants; (4) Exhibits A, B, and C that list example Defendants; (5) this Motion for Leave to Seal and supporting Memorandum and declaration which includes Plaintiff's name in the title and details of how Defendants monitor and subvert lawsuits.

| | |
|---|---|
| Date: June 5, 2024 | Respectfully submitted,<br><br>___/s/___ Kendal M. Sheets<br>Kendal Sheets (VSB No. 44537)<br>ksheets@dnlzito.com<br>Tel: 703-489-8937<br>Joseph J. Zito (*pro hac pending*)<br>jzito@dnlzito.com<br>Tel. (202) 466-3500<br>DNL ZITO CASTELLANO PLLC<br>1250 Connecticut Avenue, NW<br>Suite 700<br>Washington, DC 20036<br>Fax: (703) 997-7534<br><br>*Attorneys for Plaintiff* |