FILED UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| **THOUSAND OAKS BARREL CO. LLC a Virginia Limited Liability Company,**<br>**Plaintiff,**<br>**v.**<br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br>**Defendants.** | **Civil Action No. 1:24-CV-00958-MSN** |

## VERIFIED FIRST AMENDED COMPLAINT

Plaintiff Thousand Oaks Barrel Co., LLC ("Thousand Oaks"), by its undersigned counsel, alleges as follows for its Complaint against Defendants in Schedule "A."

## THE NATURE OF THIS ACTION

1. Thousand Oaks brings this action against Defendants pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent No. 11,744,256 B2 ("the '256 Patent") titled "Device and method for Imparting Smoked Flavors to Beverages and Foodstuffs". The '256 Patent protects the products of Plaintiff that are used to add smokey flavors to cocktails and other beverages, and foods. A true and correct copy of the '256 Patent is attached as Exhibit A.

## THE PARTIES

2. Thousand Oaks Barrel Co., LLC is a Virginia Limited Liability Company that maintains a principal place of business at 9113 Euclid Avenue, Manassas, VA 20110. Plaintiff is the exclusive licensee of the '256 Patent with the right to enforce its claims.

3. Defendants identified in Schedule "A" are all believed to be individuals, companies, and unincorporated business associations who, upon information and belief, reside in both domestic and foreign jurisdictions. Defendants sell Accused Products on Amazon.com and Etsy.com retail platforms. Since Amazon.com and Etsy.com do not require the true names and contact information of sellers to be posted publicly, and sellers may publicly use fictitious names, the public seller names used on online retail stores are unreliable. The true names, identities, and addresses of Defendants are currently unknown. However, some Defendants post alleged physical U.S. addresses on their online webpages, and these addresses will be used by Plaintiff for the purpose of serving summonses.

4. Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com and Etsy.com storefront webpages ("Infringing Webstores"). Each Defendant targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the '256 Patent to consumers within the United States, including the State of Virginia and Eastern District of Virginia. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district. Additionally, Etsy.com defendants offer shipping throughout the United States, including into this District.

5. Defendants from outside the United States have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

6. Through their operation of the Infringing Webstores, Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. On information and belief, Defendants may intentionally or otherwise conceal their identities and the full scope of their infringing operations in an effort to deter Plaintiff from learning Defendants' true identities and the exact interworking of Defendants' infringing acts.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

8. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

9. This Court has personal jurisdiction over U.S. based Defendants in that they transact business in the State of Virginia and in the Eastern District of Virginia.

10. This Court has Personal jurisdiction over non-U.S. based Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2)

(k)Territorial Limits of Effective Service (2) *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and

(B) exercising jurisdiction is consistent with the United States Constitution and laws.

11. Venue is proper in this District pursuant to §§1391(b), 1391(c) and 1400(b) in that the U.S. based Defendants are entities or individuals subject to personal jurisdiction in this District.

Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the State of Virginia. Defendants are doing business in this judicial district and have committed acts of infringement in this District.

12. Venue is proper in this Court against non-U.S. based Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defendants in any judicial district in any state to which it is subject to personal jurisdiction.

13. This Court has personal jurisdiction over Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com and Etsy.com e-commerce platforms.

## BACKGROUND AND GENERAL ALLEGATIONS

14. Plaintiff is the manufacturer of the FOGHAT product lines, a unique product that allows professional bartenders and home users alike to add flavor to cocktails and foods via sources of smoke. Thousand Oaks manufactures, markets, sells and distributes various products under a trademark for "Foghat Cocktail Smoker," domestically and internationally, including within the Eastern District of Virginia (collectively, "Plaintiff's Products") that are commercial embodiments made under the exclusively licensed patent identified in Paragraph 1, above. Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff.

15. Plaintiff's Foghat Cocktail Smoker Products are recognized around the world as a quality product used to add smoke flavor to cocktails and other beverages. As detailed below, Plaintiff has been selling its products in interstate and foreign commerce, including commerce in Virginia and the Eastern District of Virginia.

16. Plaintiff maintains quality control standards for all of its products sold under the Foghat brand. Genuine Plaintiff's Products are distributed through a network of licensees, distributors and retailers, via reseller webstores and through Plaintiff's own website in Virginia, www.1000oaksbarrel.com. Prior to the flood of Accused Products entering the market, sales of Plaintiff's Products via legitimate webstores represented a significant portion of Plaintiff's business.

17. Upon information and belief, many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet websites. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores. In 2023, Plaintiff's

chief executive officer has personally met a Chinese factory owner at a convention in Chicago, IL, who was offering for sale products at wholesale that were manufactured at the factory in China that would fall under the claims of the '256 Patent.

18. On September 5, 2023, United States Patent No. 11,744,256, entitled "Device and Method for Imparting Smoked Flavors to Beverages and Foodstuffs" was duly and legally issued by the USPTO. The '256 Patent claims patent-eligible subject matter and is valid and enforceable. Soak Limited, London, Great Britain, is the exclusive owner by assignment. Plaintiff is the exclusive licensee of the '256 Patent including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '256 Patent. Defendants are not licensed to the '256 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '256 Patent whatsoever. A true and correct copy of the '256 Patent is attached hereto as Exhibit A.

19. The '256 Patent is presumed valid under 35 U.S.C. § 282.

## THE PATENT

20. The claims of the '256 Patent are directed to "a device for imparting smoked flavors to beverages and foodstuffs." The '256 Patent contains nineteen claims directed to the device, where claims 1, 9, and 10 are independent claims. Claim 1 of the '256 Patent recites:

> 1. A device for imparting smoked flavors to beverages and foodstuffs, comprising:
>
> a base having a fuel chamber portion at its upper end and
>
> a conduit portion at its lower end, the fuel chamber portion comprising an upper wall portion defining a perimeter edge of the fuel chamber portion and a floor defining a bottom end, the floor extending from the upper wall portion to an opening in the floor,
>
> wherein the fuel chamber portion is oriented to hold fuel, and
>
> wherein the conduit portion is disposed below the floor and comprises a

> channel through the conduit portion so that, when the fuel in the fuel chamber portion is ignited, the channel facilitates flow of smoke down-ward from the fuel chamber portion through at least one aperture that extends from the channel space through a wall of the conduit portion.

## INFRINGEMENT

21. Defendants manufacture, import, offer to sell, and sell various smoker devices for imparting smoked flavors to cocktail beverages and foods. These devices are sold on the Amazon.com platform and other Internet platforms using Infringing Webstores.

22. Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '256 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products.

23. Defendants also indirectly infringe the '256 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendants have knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '256 Patent, including their customers throughout the United States. Defendants continue to induce infringement of the '256 Patent.

24. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the '256 Patent. The Accused Products come in one of three different structural configurations. Each configuration includes all of the claimed elements: a base with a fuel chamber, a conduit portion an upper wall and a floor, where the conduit portion has a channel and an aperture in a wall of the conduit portion. Exhibits B, C, and D to this First Amended Complaint include lists of Defendants that infringe the '256 Patent in each of the three configurations as well as exemplary claim charts and examples that

demonstrate the correspondence of the Accused Products with each of the three configurations in accordance with elements of claim 1 of the '256 Patent. The charts are submitted as examples of each of the three types of functional designs of Defendants, and Plaintiff reserves the right to modify the charts as part of Plaintiff's infringement contentions.

25. Configuration 1 applies the device in Exhibit B, has holes in the side wall of the conduit and corresponds in structure to Figure 5C of the '256 Patent.




26. Configuration 2 applies to the device in Exhibit B and includes one hole in the bottom wall of the conduit portion, is as illustrated in below:



27. Configuration 3 includes multiple holes in the bottom wall of the conduit:




28. Defendants and their customers have continued infringement.

29. Plaintiff is the exclusive licensee of the ’256 Patent with the right to enforce the ’256 Patent.

30. Defendants have infringed, and continue to infringe, at least claims 1 - 19 of the ’256 Patent under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, devices for imparting smoked flavors to beverages and foodstuffs, that infringe the asserted claims in the United States, or (b) by inducing others to use the Accused Products and/or sell the Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States.

31. The Accused Products are infringing devices and thus directly infringe ’256 Patent claims 1 – 19. The devices include a base having a fuel chamber portion and conduit portion with a channel to an aperture, where when the fuel in the fuel chamber portion is ignited,

the channel facilitates flow of smoke downward from the fuel chamber portion through the aperture and thus directly, and indirectly by inducement, infringe claims 1-19 of the '256 Patent.

32. The '256 Patent is also infringed under 35 USC § 271(a) when an accused product is "used" by Defendant to impart smoked flavors to beverages and foodstuffs; the '256 Patent is infringed under 35 USC § 271(b) when Defendants "induce" others to use the Accused Products to impart smoked flavors to beverages and foodstuffs.

33. Upon information and belief, Defendants have directly infringed one or more of claims of the '256 Patent under 35 USC §271(a):

> "(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

by engaging in accused activity including making, using, offering to sell, selling and importing Accused Products in the United States. Defendants continue to infringe claims of the '256 Patent.

34. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '256 Patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

by providing accused products, with instructions, which are used for imparting smoked flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products.

35. Defendants do not have a license or authority to import, make, use, or sell goods under the '256 Patent.

36. Plaintiff has marked its smoker device products with notices of the '256 Patent.

Upon information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations.

37. As a result of Defendants' infringement of the '256 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

38. Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '256 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, *inter alia*, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com and Etsy.com.

39. Defendants have been willfully infringing the '256 Patent since at least as early as they became aware of the '256 Patent. On information and belief, Defendants have no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement.

40. Many sellers on Amazon.com and Etsy.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores. For example, on information and belief, Defendants regularly create new Webstores on the Amazon.com platform using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their operations and to prevent the Infringing Webstores from being disabled.

41. Upon information and belief, Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '256 Patent unless preliminarily and permanently enjoined.

42. Plaintiff has no adequate remedy at law.

**COUNT ONE**
**INFRINGEMENT OF UNITED STATES Patent No. 11,744,256**
**(35 U.S.C. § 271)**

43. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference

44. Defendants have infringed, and continue to directly infringe, at least claims 1-19 of the '256 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

45. Upon information and belief, Defendants have indirectly infringed one or more of the claims of the '256 Patent under 35 USC §271(b) by providing Accused Products, with instructions, which are used to impart smoky flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products in an infringing manner.

46. As a result of Defendants' infringement of the '256 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

47. Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '256 Patent unless preliminarily and permanently enjoined.

48. The Defendants have infringed the '256 Patent through the aforesaid acts and will

continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

For a judgment declaring that Defendants have infringed the '256 Patent;

For a judgment declaring that Defendants' infringement of the '256 Patent has been willful;

For a grant of a preliminary and permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendants' infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '256 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. § 284;

That Defendants, their officers, agents, servants, employees, attorneys, confederates,

and all persons in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

using the claims of the '256 Patent in connection with the distribution, advertising, offer for sale, and/or sale of merchandise not the genuine products of the Plaintiff;

committing any acts calculated to cause consumers to believe that Defendants' Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by,

approved by, or otherwise connected with Plaintiff;

further infringing the Plaintiff's patent rights;

shipping, delivering, holding for sale, distributing, returning, transferring or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and that bear the Designs or any reproductions, counterfeit copies, or colorable imitations thereof;

using, linking to, transferring, selling, exercising control over, or otherwise owning or operating the Infringing Webstores, listings, or any other domain name that is being used to sell or is the means by which Defendants could continue to sell Accused Products r infringing the '256 Patent;

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

FILED UNDER SEAL

Date: June 18, 2024

Respectfully submitted,

/s/ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac pending*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

Verified by: ______________________
Bryan Weisberg
CEO, Thousand Oaks Barrel Co. LLC