UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC, *Plaintiff,* <br><br> v. <br><br> THE PARTNERSHIPS, COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A, *Defendants.* | Case Number 1:24-cv-958 (MSN/LRV) |

## **ORDER**

This matter comes before the Court on Plaintiff's Renewed Motion for a Temporary Restraining Order (ECF 16). Having considered the motion and the arguments of counsel, and for the reasons stated in open court, the Court will grant the motion.

This case concerns the sale of knockoff products on internet webstores. Plaintiff alleges that Defendants, who are foreign and U.S. individuals and companies whose identities are either unknown or may be found on their internet webstores, are infringing upon its utility patent associated with Plaintiff's cocktail smoking product.

A plaintiff seeking a temporary restraining order must establish that it (1) is likely to succeed on the merits, (2) is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008).

Plaintiff has established that it is likely to succeed on its patent infringement claim. The accused products, as Plaintiff has demonstrated through examples, likely contain all of the

1

elements of claim 1 of the utility patent at issue. Because Defendants are selling these products to residents in Virginia, Plaintiff is likely to succeed on the merits of this infringement claim.

Plaintiff has also established it will suffer irreparable harm absent a temporary restraining order. There is substantial reason to believe that Defendants are likely to transfer their assets out of any account in the United States upon learning of this lawsuit or any judgment against them, which would deprive Plaintiff of the ability to obtain damages. *See, e.g.*, *Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, No. 1:19-cv-01574 (E.D. Va. Dec. 20, 2019), Dkt. 21 (granting an asset freeze for defendants' PayPal accounts under similar circumstances). For this reason, it is appropriate for the Court to enter this Order without notice to the Defendants.

Finally, the balance of equities tilts in Plaintiff's favor, and a temporary restraining order is in the public interest. Again, without a temporary restraining order, Defendants are likely to subvert Plaintiff's means to collect upon any future judgment, undermining Plaintiff's right to exclusivity under its patent. And the public interest is served by preventing consumer confusion and vindicating patent rights.

Accordingly, it is hereby

**ORDERED** that the motion (ECF 16) is **GRANTED**; and it is further

**ORDERED** that Amazon.com and Etsy.com shall within seven business days of this Order freeze all accounts associated with Defendants identified in Schedule A attached to the complaint and prohibit the transfer of any monies held in such accounts; and it is further

**ORDERED** that Plaintiff shall immediately serve limited discovery on Amazon.com and Etsy.com sufficient to discover the amounts of any monies held by Amazon.com and Etsy.com in association with Defendants identified in Schedule A as well as any name, email address, address,

telephone number, and bank account associated with such Amazon.com and Etsy.com account(s); and it is further

**ORDERED** that Plaintiff may serve the complaint and summons upon foreign Defendants using the email addresses determined during the course of limited discovery; to the extent U.S. based Defendants cannot be located, Plaintiff may file a motion for alternative means of service of process; and it is further

**ORDERED** that Plaintiff shall, as soon as practicable, send a copy of this Order to Defendants using the email addresses determined during the course of limited discovery; and it is further

**ORDERED** that any information disclosed to Plaintiff in response to discovery issued pursuant to this Order may be used solely for the purpose of protecting Plaintiff's rights as set forth in the amended complaint; and it is further

**ORDERED** that pursuant to Fed. R. Civ. P 65(b)(2) this Temporary Restraining Order will expire on July 5, 2024;[1] and it is further

**ORDERED** that Plaintiff shall immediately file a notice upon execution by Amazon.com and Etsy.com of this Order, until which point this case shall remained sealed.

**SO ORDERED.**
/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

June 21, 2024 at 12:00 P.M.
Alexandria, Virginia

---

[1] The Court exercises its discretion to waive any bond requirement under Fed. R. Civ. P. 65(c) because of the remoteness of any risk of harm to Defendants. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999).

3