IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| **THOUSAND OAKS BARREL CO. LLC** a Virginia Limited Liability Company,<br><br>**Plaintiff,**<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>**Defendants.** | Civil Action No. 1:24-cv-00958-MSN |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

Plaintiff Thousand Oaks Barrel Co., LLC ("Plaintiff" or "Thousand Oaks"), by counsel, and pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65, submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction.

**I.    INTRODUCTION**

Plaintiff Thousand Oaks Barrel Co., LLC ("Plaintiff" or "Thousand Oaks"), brought the present action to stop the online sale of infringing goods by those Defendants, as identified in Schedule A of the Amended Complaint. [ECF 15].   Twelve of the original Defendants have settled with Plaintiff and have been dismissed. One hundred nineteen Defendants remain, who, on information and belief, continue to infringe U.S. Patent No. 11,744,256 (the '256 Patent).

1

## II.   STATEMENT OF FACTS

As alleged in Plaintiff's Amended Complaint, each Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '256 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products through Internet storefronts, namely Amazon.com and Etsy.com.

The Defendants create webstores and product listings for cocktail smoker goods, all the while actually selling unlicensed, infringing wares to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope of their operation. Plaintiff is forced to file these actions to combat Defendants' illegal sales of the infringing goods, as well as to protect unknowing consumers from purchasing low-quality counterfeits over the Internet.

Defendants directly target unlawful business activities towards consumers in Virginia and cause harm to Plaintiff's business within the Eastern District of Virginia and have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff sells its patented product directly on-line and through Plaintiff's Amazon store.   Defendants' sales compete directly with Plaintiff's sales.  Each infringing sale is a loss of a sale for Plaintiff, causing lost profits that cannot be recovered without a Preliminary Injunction.  Defendants are knowingly and intentionally importing, promoting, advertising, marketing, retailing, offering for sale, distributing, and selling infringing products within this judicial district and throughout the United States.  Specifically, Defendants employ the user accounts listed Schedule A in conjunction with the online platforms Amazon.com and Etsy.com to conduct online sales.  Typically, Defendants are paid by Amazon.com on a monthly basis, but China-located sellers have an option to withdraw from

their accounts on a daily basis. Plaintiff is unaware of the payment balance withdrawal options for Etsy.com. Through their unlawful actions, the Defendants have infringed and are continuing to infringe Plaintiff's patent rights.

Plaintiff is currently in settlement discussions with many of the Defendants. The Defendants, as set forth in Schedule A, are both foreign based and U.S. based. Those who have not settled are unwilling to discontinue infringement and unwilling to maintain assets available for damages. Plaintiff anticipates that between now and the hearing set for July 26, 2024, additional Defendants will settle. Plaintiff has created infringement charts for each of the Defendants not already dismissed on Schedule A that demonstrate infringement of claim 1 of the '256 Patent. The charts are attached hereto as Exhibits A, B, and C.

The accused products come in one of three different structural configurations. Each configuration includes all of the claimed elements: a base with a fuel chamber, a conduit portion an upper wall and a floor, where the conduit portion has a channel and an aperture in a wall of the conduit portion.

Configuration 1, holes in the side wall of the conduit portion, is identical in structure to Figure 5C of the patent in suit:



Configuration 2, one hole in the bottom wall of the conduit portion, is as illustrated in below:



Configuration 3, multiple holes in the bottom wall of the conduit portion:



Exhibits A, B, and C attached hereto illustrate the correspondence of the accused products with the features of each of the three configurations.

On June 21, 2024, this Court granted Plaintiff's *Ex Parte* Motion for a Temporary Restraining Order (ECF 16). The TRO ordered Amazon.com and Etsy.com to immediately freeze all accounts associated with Defendants in Schedule A to the Amended Complaint, and restrain and enjoin from transfer any monies held in such accounts until further ordered by the Court. Amazon.com and Etsy.com have complied with this Order and has released assets and

4

accounts when settlements have been reached with Defendants on Schedule A.  In the same TRO Order, this Court ordered an extension of the TRO to facilitate briefing on whether it should be converted to a preliminary injunction.

The Court also required that Plaintiff demonstrate infringement by each of the products sought to be enjoined by the Preliminary Injunction. Plaintiff demonstrates infringement herein and respectfully requests that this Court convert the TRO to a preliminary injunction against the Remaining Defendants, so that they remain enjoined from the by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products through Internet storefronts, namely Amazon.com, during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that each Defendant's Amazon.com and Etsy.com accounts remain frozen until the completion of these proceedings.

If the Amazon.com and Etsy.com accounts are unfrozen, Plaintiff will be left without recourse in this case.  If the Amazon.com and Etsy.com accounts are unfrozen, Defendants are likely to transfer the funds from Amazon.com and Etsy.com to different accounts, potentially even outside this Court's jurisdiction.  Plaintiff respectfully requests that this Court issue an order continuing to restrain the monies held by Amazon.com and Etsy.com of Defendants identified in Schedule A.

**III.   ARGUMENT**

    **A.   A Preliminary Injunction Extending Relief Already Granted in the TRO Is Appropriate**

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction to prevent further unlawful conduct by Defendants. Courts addressing similar allegations of Internet-based intellectual property infringement, including the Eastern District of Virginia, have also issued preliminary injunctions following a temporary restraining order. *See, e.g.,*

5

*Volkswagen Group of America, Inc. v. Unincorporated Ass 'ns*, Case No. 1:19-cv-01574-AJT-MSN [ECF 21] (E.D. Va. Dec. 20, 2019) (entering a preliminary injunction against PayPal and/or Alipay accounts associated with online eBay and/or AliExpress marketplaces); *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01126-LO-IDD [ECF 47] (E.D. Va. Oct. 11, 2019) (same); *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 43] (E.D. Va. Sept. 13, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass 'ns*, Case No. 1 :19-cv-00715-LOIDD [ECF 58] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 62] (E.D. Va. June 28, 2019) (same), *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01516-LO-IDD [ECF 45] (E.D. Va. Jan. 15, 2019) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01382-CMH-TCB [ECF 44] (E.D. Va. Dec. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01287-LO-IDD [ECF 48] (E.D. Va. Nov. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01207-LO-IDD [ECF 39] (E.D. Va. Oct. 17, 2018) (same); *Volvo Car Corp. et al v. The Unincorporated Associations Identified in Schedule A*, 18-cv-00977-LO-MSN [ECF 49] (E.D. Va. Oct. 4, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01063-LO-IDD [ECF 45] (E.D. Va. Sept. 12, 2018) (same); *Volkswagen AG, et al v. The Unincorporated Associations Identified in Schedule A*, 17-cv-970- LMB-IDD [ECF 59] (E.D. Va. Jan. 8, 2018) (same); *Volkswagen AG et al. v. Unincorporated Ass 'n, et al.*, Case No. 17-cv-01413 [ECF 59] (E.D. Va. Jun. 8, 2018) (same); *Global Tel-Link Corp. v. Jail Call Servs., LLC*, No. 1:14-CV-1557, 2015 WL 1936502, at *2 (E.D. Va. Apr. 28, 2015); *Microsoft Corp. v. John Does 1-8*, No. l:14-CV-811 [ECF No. 33] (E.D. Va. July 15, 2014); *Microsoft Corp. v. Does 1-18*, No. l:13-

CV-139 LMB/TCB [ECF No. 38] (E.D. Va. Feb. 13, 2013); *Chanel, Inc. v. Sea Hero, et al*, 235 F.Supp.3d 1375 (S.D. Fla. Mar. 8, 2016); *True Religion Apparel, Inc., et al. v. Does 1-100*, No. 1:12-cv-9894 [ECF No. 32] (N.D. Ill. Jan. 15, 2013).

### i. **This Court Has Already Found that the Urgency Requirements for a Preliminary Injunction Have Been Satisfied**

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. See, e.g., *US. ex rel. $12,642.00 US. Currency v. Com. of Va.*, 2003 WL 23710710, at *1 (E.D. Va. 2003) (citing Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353 (4th Cir. 1991) ("The standard for granting either a TRO or a preliminary injunction is the same.")). A plaintiff seeking a preliminary injunction "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def Council, Inc.*, 555 U.S. 7, 20 (2008) (*citing Munaf v. Geren,* 55 3 U.S. 674, 689-690 (2008)); R*al Truth About Obama, Inc. v. Fed. Election Comm 'n*, 575 F.3d 342, 346 (4th Cir. 2009) (reiterating the Supreme Court's standard). By virtue of the Court's entry of the TRO, it has already been found that the above requirements have been satisfied.

### ii. *The Equitable Relief Sought Remains Appropriate*

The Patent Act provides courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

Plaintiff requests conversion of the TRO to a preliminary injunction so that Defendants' accounts in U.S.-based financial institutions remain frozen. Since entry of the TRO,

7

Amazon.com and Etsy.com have provided Plaintiff with information, including the identification of the Amazon.com and Etsy.com accounts linked to the Defendant Internet Stores which were offering for sale and/or selling Accused Products. In the absence of a preliminary injunction, Defendants may attempt to move any assets from any accounts subject to the TRO, including moving such assets to accounts outside the jurisdiction of this Court. Therefore, Defendants' assets should remain frozen for the remainder of the proceeding.

Many federal courts, including the Eastern District of Virginia, have granted orders preventing the fraudulent transfer of assets in numerous instances. *See, e.g., Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01574-AJTMSN [ECF 21] (E.D. Va. Dec. 20, 2019) (granting a TRO ordering PayPal and/or Alipay to freeze funds of defendants); *Juul Labs, Inc. v. Unincorporated Ass 'ns*, Case No. 1: 19-cv-0 1126- LO-IDD [ECF 47] (E.D. Va. Oct. 11, 2019) (same); *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 43] (E.D. Va. Sept. 13, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 58] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 62] (E.D. Va. June 28, 2019) (same), *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01516-LO-IDD [ECF 45] (E.D. Va. Jan. 15, 2019) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01382-CMH-TCB [ECF 44] (E.D. Va. Dec. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01287-LO-IDD [ECF 48] (E.D. Va. Nov. 14, 2018) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01207-LO-IDD [ECF 39] (E.D. Va. Oct. 17, 2018) (same); *Volvo Car Corp. et al v. The Unincorporated Associations Identified in Schedule A*, 18-cv-00977-LO-MSN [ECF 49] (E.D. Va. Oct. 4, 2018) (same); *Juul

*Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv- 01063-LO-IDD [ECF 45] (E.D. Va. Sept. 12, 2018) (same); *See Volkswagen AG, et al v. The Unincorporated Associations Identified in Schedule A*, 17-cv-970-LMB-IDD [ECF 12] (E.D. Va. Sept. 5, 2017) (granting a TRO ordering PayPal to freeze funds of defendants); *Volkswagen AG et al. v. Unincorporated Ass 'n, et al.*, Case No. 17-cv-001413 [ECF 18] (E.D. Va. Jan 5, 2018) (same); *Montblanc-Simplo GmbH v. The Internet Domain Names identified on Schedule A*, 17- cv-00415-LMB-TCB [ECF No. 15] (E.D.Va. April 14, 2017) (granting TRO directing PayPal to freeze all funds involving defendants' accounts); *Axiom Res. Mgmt., Inc. v. Alfotech Solutions, LLC*, No. 1:10-CV-1011, 2011 WL 2559806, at *2 (E.D.Va. June 27, 2011) (extending preliminary injunction preventing withdrawal or disposition of funds held in defendant's bank accounts); *Bottega Veneta SA v. 2013bagsale.com*, No. 13-cv-62456 (ECF No. 7) (S.D. Fla. Nov. 15, 2013) (granting TRO directing PayPal to freeze all funds involving defendants' accounts); *SEC v. Temme*, No. 4:ll-CV-655, 2011 WL 13143509, at *2 (E.D. Tex. Oct. 14, 2011) (enjoining "any bank, trust company, broker-dealer, depository institution, entity, or individual holding accounts or assets for or on behalf of any of the [ d]efendants" from disbursing the defendants' assets).

    **B.    The Charts Appended Hereto and the Infringement Arguments Presented Below Establish Likelihood of Success for Each of the Remaining Defendants as set Forth in Amended Schedule A**

    The accused products come in one of three different structural configurations. Each configuration includes all of the claimed elements: a base formed by a fuel chamber portion and conduit portion, channel, and an aperture that extends through a wall of the conduit portion.

    Infringement is analyzed below with respect to Claim 1 of the 11,744,256 utility patent (numbers have been added to the claim below so as to correspond to Figure 5C of the patent:

1.      A device for imparting smoked flavors to beverages and foodstuffs, comprising:

a base **[110]** having a fuel chamber portion **[106]** at its upper end and a conduit portion **[108]** at its lower end, the fuel chamber portion comprising an upper wall portion **[110]** defining a perimeter edge of the fuel chamber portion and a floor **[112]** defining a bottom end, the floor extending from the upper wall portion to an opening in the floor,
    wherein the fuel chamber portion **[106]** is oriented to hold fuel, and
    wherein the conduit portion **[108]** is disposed below the floor **[112]** and comprises a channel **[200]** through the conduit portion**[108]** so that, when the fuel in the fuel chamber portion is ignited, the channel facilitates flow of smoke downward from the fuel chamber portion through at least one aperture **[114]** that extends from the channel space **[200]** through a wall of the conduit portion **[108]**.

Configuration 1, which applies to all of the devices illustrated in the claims charts of Exhibit A, and is identified as "products with holes in the side wall of the conduit portion", is identical in structure to Figure 5C of the patent in suit, likelihood of success cannot be denied:



Configuration 2, which applies to all of the devices in the claim charts of Exhibit B, and is identified as "products with one hole in a bottom wall of the conduit," is as illustrated in the drawing below. As demonstrated by the numbers added to the drawing below, corresponding to the elements of claim 1 as identified above, the products with one hole in the bottom have each and every element of at least Claim 1 :



Configuration 2 has only a single aperture, thus differing from the preferred embodiment illustrated in Figure 5 of the '256 patent-in-suit. However, Claim 1 of the patent only requires a single aperture: "at least one aperture" through "a wall of the conduit portion" and thus the aperture element is satisfied. Dependent Claim 3 recites "a plurality of apertures" thus confirming that Claim 1 requires only a single aperture.

Claim one further requires that the aperture be through a wall of the conduit portion: "at least one aperture that extends from the channel space through a wall of the conduit portion". This this is a utility patent, the term "conduit portion" is not structurally limited to the figures of the patent, which merely illustrate an embodiment. The bottom wall of the conduit is one of the walls of the conduit, and the aperture can be located there. Numerous alternatives for aperture location are included in the specification as alternative embodiments within the specification of the '256 patent. The description in the specification states that:

> "However, apertures 114 should be disposed on conduit portion 108 in such positions that apertures 114 will be disposed below a top rim of a drinking glass or glass enclosure after the smoker device 100 is placed upon such glass or enclosure, which is described below in relation to FIGS. 7 and 8."

11

An aperture through the bottom of the conduit portion, well below the rim of the glass, satisfies this requirement. Understanding the breath of Claim 1, to include apertures in the bottom wall of the conduit, is further reinforced by the only limitation found in Dependent Claim 4, which requires: ". . .wherein the plurality of apertures are positioned between a top end and a bottom end of the conduit portion." If Claim 1 were construed to require the aperture to be located in a side wall, then Claim 4 would have no limitation. Proper claim construction does not allow for the reading of dependent claim limitations into an independent claim.

Configuration 3 includes multiple holes in the bottom wall of the conduit portion:



Initial claim charts for Accused Products with Configuration 3 structures are included in Exhibit C. Configuration 3 has every element as recited in Claim 1 of the '265 Patent-in-Suit. Exhibits A, B, and C attached hereto demonstrate which accused products correspond to each of the above three configurations.

IV. **CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction the Remaining Defendants for further sales of infringing products and freezing the

assets of all Amazon.com accounts associated with the remaining Defendants in Exhibit A that remain subject to this action and restrain and enjoin from transfer any monies in such accounts until ordered by this Court.

Date: July 18, 2024

Respectfully submitted,

\_\_/s/\_\_ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac vice*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record in this case.

Date: July 18, 2024,                                              Respectfully submitted,

                                                                                                                  /s/   Kendal M. Sheets
                                                                                                                Kendal Sheets (VSB No. 44537)

**IV.     CONCLUSION**

In view of the foregoing, Plaintiff respectfully requests that this Court enter a preliminary injunction the Remaining Defendants for further sales of infringing products and freezing the assets of all Amazon.com accounts associated with the Remaining Defendants in Exhibit A that remain subject to this action and restrain and enjoin from transfer any monies in such accounts until ordered by this Court.

Date: July 18, 2024,                                                          Respectfully submitted,

                                                                                                                                           __/s/__ Kendal M. Sheets
Kendal Sheets (VSB No. 44537)
ksheets@dnlzito.com
Tel: 703-489-8937
Joseph J. Zito (*pro hac vice*)
jzito@dnlzito.com
Tel. (202) 466-3500
DNL ZITO CASTELLANO PLLC
1250 Connecticut Avenue, NW
Suite 700
Washington, DC 20036
Fax: (703) 997-7534

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of July 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve all counsel of record in this case.

Respectfully submitted,

__/s/__Kendal M. Sheets
Kendal Sheets (VSB No. 44537)