UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| THOUSAND OAKS BARREL CO., LLC,<br>*Plaintiff,*<br><br>v.<br><br>THE PARTNERSHIPS, COMPANIES, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,<br>*Defendants.* | Case Number 1:24-cv-958 (MSN/LRV) |

### **ORDER**

This matter comes before the Court on Plaintiff's Motion for a Preliminary Injunction (ECF 46). The Court granted a temporary restraining order on June 21, 2024 (ECF 20), and now Plaintiff asks the Court to convert it into a preliminary injunction. Having considered the motion and the arguments of counsel, and there being no opposition from any Defendant, for the reasons stated in open court the Court will grant the motion and convert its temporary restraining order into a preliminary injunction.

A plaintiff seeking a preliminary injunction must establish that it (1) is likely to succeed on the merits, (2) is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the injunction is in the public interest. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008).

Plaintiff has established that it is likely to succeed on its utility patent infringement claim. The accused products likely contain all of the elements of claim 1 of the utility patent at issue. Because Defendants are selling these products to residents in Virginia, Plaintiff is likely to succeed on the merits of this infringement claim.

1

Plaintiff has also established it will suffer irreparable harm absent an injunction. There is substantial reason to believe that Defendants are likely to transfer their assets out of any account in the United States upon learning of this lawsuit or any judgment against them, which would deprive Plaintiff of the ability to obtain damages. *See, e.g.*, *Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, No. 1:19-cv-01574 (E.D. Va. Dec. 20, 2019), ECF 21 (granting an asset freeze for defendants' PayPal accounts under similar circumstances).

Finally, the balance of equities tilts in Plaintiff's favor, and a preliminary injunction is in the public interest. Again, without an injunction, the remaining Defendants are likely to subvert Plaintiff's means to collect upon any future judgment, undermining Plaintiff's right to exclusivity under its patent. And the public interest is served by preventing consumer confusion and vindicating patent rights. Accordingly, it is hereby

**ORDERED** that the Motion for Preliminary Injunction (ECF 46) is **GRANTED**; and it is further

**ORDERED** that the temporary restraining order (ECF 20, as extended at ECF 25) shall be converted into a preliminary injunction as to the remaining Defendants;[1] and it is further

**ORDERED** that Plaintiff shall file a weekly notice as to the status of the remaining Defendants.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

Michael S. Nachmanoff
United States District Judge

July 26, 2024
Alexandria, Virginia

---

[1] The Court exercises its discretion to waive any bond requirement under Fed. R. Civ. P. 65(c) because of the remoteness of any risk of harm to Defendants. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 421 n.3 (4th Cir. 1999).