IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**THOUSAND OAKS BARREL CO. LLC,**
Plaintiff,                               Civil Action No. **1:24-CV-00958-MSN-LRV**

v.

**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**
Defendant.

## ANSWER TO VERIFIED FIRST AMENDED COMPLAINT

Defendant, **THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,** ("Defendant"), by and through its undersigned counsel, hereby files this Answer to the Verified First Amended Complaint filed by Plaintiff, Thousand Oaks Barrel Co. LLC ("Plaintiff"), and states as follows:

## I. INTRODUCTION

Defendant generally denies all allegations set forth in Plaintiff's Verified First Amended Complaint ("Complaint"), except as specifically admitted herein. Defendant asserts that it has not infringed upon any valid patent owned by Plaintiff and that the patent in question is invalid and unenforceable.

## II. RESPONSES TO SPECIFIC ALLEGATIONS

1. **Paragraph 1:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 1 and, on that basis, denies the same.

2. **Paragraph 2:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and, on that basis, denies the same.

3. **Paragraph 3:** Defendant admits that it is identified in Schedule "A" attached to the Complaint but denies all allegations of patent infringement and any remaining allegations contained in Paragraph 3.

4. **Paragraph 4:** Defendant denies the allegations in Paragraph 4, including the assertion that it has infringed any claims of U.S. Patent No. 11,057,256 (the "'256 Patent"), directly or indirectly.

5. **Paragraph 5:** Defendant denies the allegations in Paragraph 5 and specifically denies that Plaintiff is entitled to any relief sought.

6. **Paragraph 6:** Defendant denies the allegations in Paragraph 6 and asserts that it has not caused any damages to Plaintiff.

7. **Paragraph 7:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7 and, on that basis, denies the same.

8. **Paragraph 8:** Defendant denies the allegations in Paragraph 8, including that it has willfully infringed any claims of the '256 Patent.

9. **Paragraph 9:** Defendant denies the allegations in Paragraph 9 and asserts that any acts it undertook were lawful and non-infringing.

10. **Paragraph 10:** Defendant denies the allegations in Paragraph 10, including any implication that its actions were knowing and intentional.

11. **Paragraph 11:** Defendant denies the allegations in Paragraph 11 and asserts that Plaintiff has not suffered any irreparable harm.

12. **Paragraph 12:** Defendant denies the allegations in Paragraph 12, including any assertion that it has engaged in conduct that would justify injunctive relief.

13. **Paragraph 13:** Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13 and, on that basis, denies the same.

14. **Paragraph 14:** Defendant denies the allegations in Paragraph 14 and asserts that it has not infringed the '256 Patent.

15. **Paragraph 15:** Defendant denies the allegations in Paragraph 15, including that it has profited from any alleged infringement.

16. **Paragraph 16:** Defendant denies the allegations in Paragraph 16, including that Plaintiff is entitled to damages or any other relief.

## III. AFFIRMATIVE DEFENSES

Without assuming any burden that it does not otherwise bear, Defendant asserts the following affirmative defenses:

**First Affirmative Defense: Non-Infringement**

Defendant has not infringed, either directly, indirectly, or contributorily, any valid and enforceable claim of U.S. Patent No. 11,057,256 (the "'256 Patent"), either literally or under the doctrine of equivalents.

**Second Affirmative Defense: Invalidity of the Patent**

The '256 Patent is invalid for failing to satisfy one or more conditions of patentability set forth in the United States Code, Title 35, including but not limited to §§ 101, 102, 103, and/or 112. Specifically:

- **35 U.S.C. § 101**: The '256 Patent is invalid because it does not claim patent-eligible subject matter.

- **35 U.S.C. § 102**: The '256 Patent is invalid because the claimed inventions were anticipated by prior art.

- **35 U.S.C. § 103**: The '256 Patent is invalid as the claimed inventions are obvious in light of prior art.

- **35 U.S.C. § 112**: The '256 Patent is invalid due to insufficient written description, lack of enablement, or indefiniteness.

**Third Affirmative Defense: Laches and/or Estoppel**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches because Plaintiff unreasonably delayed in bringing this lawsuit, to the detriment and prejudice of Defendant. Additionally, Plaintiff is estopped from asserting its claims due to its conduct, representations, or omissions that induced Defendant to believe that Plaintiff would not enforce its rights under the '256 Patent.

**Fourth Affirmative Defense: Lack of Standing**

Plaintiff lacks standing to bring this lawsuit because it is not the rightful owner, assignee, or exclusive licensee of the '256 Patent, or any such ownership, assignment, or license is defective or incomplete.

**Fifth Affirmative Defense: Failure to State a Claim**

Plaintiff's Complaint fails to state a claim upon which relief can be granted, as it does not sufficiently allege facts to support a plausible claim of patent infringement.

**Sixth Affirmative Defense: Exhaustion and First Sale Doctrine**

To the extent that any allegedly infringing product was purchased from or through an authorized source, Plaintiff's claims are barred by the doctrines of patent exhaustion and the first sale doctrine.

**Seventh Affirmative Defense: No Willful Infringement**

Defendant has not willfully infringed any claim of the '256 Patent. Any alleged infringement, if proven, was unintentional and occurred without knowledge of the patent or its applicability to the products in question.

**Eighth Affirmative Defense: Prosecution History Estoppel**

Plaintiff is barred from asserting infringement under the doctrine of equivalents for any claim of the '256 Patent due to amendments, representations, or arguments made during the prosecution of the patent before the United States Patent and Trademark Office.

**Ninth Affirmative Defense: Waiver and Acquiescence**

Plaintiff has waived and/or acquiesced in its rights to assert any claims for infringement of the '256 Patent by its own conduct, including but not limited to its failure to act in a timely manner.

**Tenth Affirmative Defense: Unclean Hands**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands due to Plaintiff's inequitable conduct, misrepresentations, or other improper actions related to the enforcement or procurement of the '256 Patent.

**IV. PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor as follows:

1. Dismissing Plaintiff's Complaint with prejudice;

2. Declaring that Defendant has not infringed any valid and enforceable claim of the '256 Patent;

3. Declaring that the '256 Patent is invalid and unenforceable;

4. Awarding Defendant its costs, expenses, and reasonable attorneys' fees incurred in defending this action pursuant to 35 U.S.C. § 285 or any other applicable provision of law;

5. Granting Defendant such other and further relief as this Court may deem just and proper.

## V. DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

Dated: 8/23/2024

Respectfully submitted,

By: _____

THE UNINCORPORATED
ASSOCIATIONS IDENTIFIED IN
SCHEDULE A,

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
_____ DIVISION

Thousand Oaks Barrell Co. LLC
Plaintiff(s),

v.                                      Civil Action Number: 1:24-CV-00958-MSN-LRV

The Unincorporated Association
Defendant(s),

## LOCAL RULE 83.1 (N) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared or assisted in the preparation of _____.
(Title of Document)

_____
Name of Pro Se Party (Print or Type)

_____
Signature of Pro Se Party

Executed on: _____ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of Answer to verify first Amended Complaint (Title of Document)

Suzanne
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document.

_____
(Name of Pro Se Party (Print or Type)

Signature of Pro Se Party

Executed on: 8/20/24 (Date)

I don't know the last name of the Attorney