**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **THOUSAND OAKS BARREL CO. LLC**<br>**a Virginia Limited Liability Company,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNINCORPORATED ASSOCIATIONS**<br>**IDENTIFIED IN SCHEDULE A,**<br><br>**Defendants.** | **Civil Action No. 1:24-cv-00958- MSN-LRV** |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
**<u>MOTION FOR DEFAULT JUDGMENT</u>**

Plaintiff Thousand Oaks Barrel Co., LLC ("Thousand Oaks" or "Plaintiff") hereby files this Memorandum in Support of its Motion for Defaulting Judgment under Fed. R. Civ. P. 55(a) against the following Schedule A Defendants in default (the "Defaulting Defendants.") *See* ECF 210.

| Def. # | Amazon Seller Name (Sch. A) | Amazon Seller ID |
|---|---|---|
| 8 | FLYBEAST DIRECT | A1PN1D90H62TDY |
| 15 | ecolll | A15L30FMJ6NUEZ |
| 29 | aoiko | A359Z652EOHYXV |
| 32 | OSNAT | A3AC2DXARR39E1 |
| 36 and 81 | RongHeKeJi | AGGFZ8E3PGAKV |
| 38 and 48 | jiuyishop | A257QMJ1SM0CC1 |
| 39 | Daaaaa Mai | A2CI961UPLGOWS |
| 44 | Easybos | A1CYH9GJXPXOAO |
| 47 | Top TFS | A241ERRNAIT9PD |
| 52 | MIDA 2U | A1M83DQTQXCFDT |

1

| 53 | La Cava | A1LS7RGO6P4K0E |
| 55 | ANCHGPO | A34G1H6CW0D2KG |
| 58 | YANGYIYY | A3GYGJLMZCUHDW |
| 59 | DSKWR-USA | A3RCE03RQ63T9V |
| 66 | JAVLO | A17BR4S62M9FE1 |
| 75 | KAERMM | A2L97F4KLZJRL6 |
| 77 | TrendySupplyStore | A3H1L5RQTOYDUF |
| 79 | SLOW LIVING | A2XFVTJV62TO26 |
| 83 | Oxmok-US | A1S7BWF1QD0MUX |
| 89 | OWAYIDA | A1ET80676X8NAP |
| 96 | Nanhe Home Furnishings | A2V1U4N0CX5I7J |
| 97 | Future Charm-US | A1UOIQJDMTVAPO |
| 98 | Zaspaver | ADKGMWP3CE9MJ |

## FACTUAL BACKGROUND

The following facts are alleged in the Amended Complaint [ECF 15] and are now deemed admitted by the Defaulting Defendants: the Defaulting Defendants are all individuals, companies, and unincorporated business associations who, upon information and belief, reside in foreign jurisdictions. (Amended Compl., ¶ 3.)  The Defaulting Defendants sell Accused Products on Amazon.com. (*Id.*, ¶ 3.) The Defaulting Defendants conduct their operations through fully interactive commercial websites hosted on various Amazon.com. Each of the Defaulting Defendants targets consumers in the United States, including the State of Virginia, and has offered to sell and, on information and belief, has sold and continues to sell products ("Accused Products") that practice the claims of the '256 Patent. For example, the Accused Products may be purchased by Virginia residents using the Amazon "Prime" online order system and delivered by an Amazon Prime delivery vehicle in this district. (*Id.*, ¶ 4.)

2

Through their operation of the Infringing Webstores, the Defaulting Defendants are directly and personally engaging in the importation, offer for sale, and sale of Accused Products as alleged, oftentimes as partners and/or suppliers. (*Id.*, ¶ 6.)

This court has personal jurisdiction over the Defaulting Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2). (*Id.*, ¶ 10.) Venue is proper in this Court against the Defaulting Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b). (*Id.*, ¶ 12.) This Court has personal jurisdiction over the Defaulting Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). (*Id.*, ¶ 13.)

Thousand Oaks manufactures, markets, sells and distributes various products under a trademark for "Foghat Cocktail Smoker," domestically and internationally, including within the Eastern District of Virginia that are commercial embodiments made under the '256 Patent. (*Id.*, ¶ 14.) Thousand Oaks is the exclusive licensee of U.S. Patent No. 11,744,256 titled "Device and method for Imparting Smoked Flavors to Beverages and Foodstuffs." (*Id.*, ¶ 18.) Plaintiff is the exclusive licensee of the '256 Patent including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '256 Patent. (*Id.*, ¶18.)  The Defaulting Defendants are not licensed to the '256 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '256 Patent whatsoever. (*Id.*)  The '256 Patent claims patent-eligible subject matter and is valid and enforceable. (*Id.*, ¶¶ 18-19.)

The Defaulting Defendants manufacture, import, offer to sell, and sell various smoker devices for imparting smoked flavors to cocktail beverages and foods.  These devices are sold on the Amazon.com platform and other Internet platforms using Infringing Webstores. (*Id.*, ¶ 21.)

3

The Defaulting Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff's intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff. (*Id.*, ¶ 14.) Many of the Accused Products are manufactured by factories based in China and sold wholesale either directly or through China-based e-commerce Internet websites. For example, sellers on Amazon.com purchase Accused Products in bulk from the factory or the Chinese e-commerce sites to sell on Infringing Webstores. (*Id.*, ¶ 17.)

The Defaulting Defendants admit to the allegations in Count One for patent infringement. The Defaulting Defendants have infringed, and continue to directly infringe, at least claims 1-19 of the '256 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States. (*Id.*, ¶ 43.)  The Defaulting Defendants have indirectly infringed one or more of the claims of the '256 Patent under 35 USC §271(b) by providing Accused Products, with instructions, which are used to impart smoky flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products in an infringing manner. (*Id.*, ¶ 45.)  As a result of the Defaulting Defendants' infringement of the '256 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty. (*Id.*, ¶ 46.) The Defaulting Defendants will continue to register or acquire listings for the purpose of selling Accused Products that infringe upon the '256 Patent unless preliminarily and permanently enjoined. (*Id.*, ¶ 47.)  The Defaulting Defendants have infringed the '256 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. The Defaulting Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making,

using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283. (*Id.*, ¶ 48.)

## PROCEDURAL BACKGROUND

1.      On June 6, 2024, Thousand Oaks filed the Complaint. (ECF 1.)

2.      On June 18, 2024, Thousand Oaks filed the Amended Complaint. (ECF 15.)

3.      On June 18, Thousand Oaks Filed the Renewed *Ex Parte* Motion for TRO. (ECF 15.)

4.      On June 21, 2024 the Court granted the Motion for TRO. (ECF 20).

5.      On July 26, 2024, the Court granted the Motion for Preliminary Injunction. (ECF 68).

6.      On October 18, 2024, the Entry of Defaulting as to remaining Schedule A Defendants was entered by the Clerk. (ECF 210.)

## ARGUMENT

### I.      Legal Standard

"Where a defendant fails to plead or otherwise defend itself, Defaulting judgment is warranted." *Toolchex, Inc. v. Trainor*, 2009 WL 2244486, at *1 (E.D. Va. July 24, 2009) (granting default judgment and entering permanent injunction in trademark infringement claim) (citation omitted); *see also Thousand Oaks Barrel Co. v. Freedom Oak Barrels, et al.,* 2022 WL 4378689 (E.D. Va. 2022) (LMB/WEF) (entering default judgment and awarding attorney's fees in trademark and copyright infringement claims); *EMI Apr. Music, Inc. v. White*, 618 F. Supp. 2d 497 (E.D. Va. 2009) (entering default judgment and awarding attorney's fees in copyright infringement claim); *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505 (E.D. Va.

2003) (entering default judgment in trademark and copyright infringement claim). This Court "must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment." *Unum Life Ins. Co. of Am. v. James*, 2015 WL 6439051, at *1 (E.D. Va. Oct. 21, 2015). "Where a defendant is in default, as here, the facts set forth in the plaintiff's complaint are deemed admitted if the plaintiff's complaint sets forth a proper claim." *EMI Apr. Music*, 618 F. Supp. 2d at 505. However, "[b]efore entering default judgment, … the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim." *Unum Life Ins. Co.*, 2015 WL 6439051, at *3.

## II.    This Court has Jurisdiction and Venue is Proper

This Court has original subject matter jurisdiction over Thousand Oaks' federal patent claims pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, and 28 U.S.C. §§1331 and 1338(a), federal question.

All Defaulting Defendants are non-U.S. based. This Court has personal jurisdiction over the Defaulting Defendants because they have supplied their products into this district and under the Federal Long Arm Rule, FRCP 4(k)(2). This Court has personal jurisdiction over the Defaulting Defendants and venue is proper pursuant to Va. Code Ann. § 8.01-328.1 (1950). Personal jurisdiction exists over the Defaulting Defendants because the Defaulting Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over the Defaulting Defendants, in part, because the Defaulting Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Virginia through fully interactive

websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. The Defaulting Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of Virginia using at least the Amazon.com e-commerce platform.

Venue is proper in this Court against the Defaulting Defendants under 28 U.S.C. § 1391 (c)(3) and 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. For purposes of venue regarding cases against foreign corporations, general federal statutes are applicable. This Court is a proper venue for a case against non-U.S. based Defaulting Defendants in any judicial district in any state to which it is subject to personal jurisdiction. *See Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 92 S. Ct. 1936, 32 L. Ed. 2d 428 (1972).

### III.    Thousand Oaks has Properly Served the Defaulting Defendants

As detailed in the Affirmations of Kendal Sheets and proof of service in Thousand Oaks' Request for Defaulting as to the Defaulting Defendants (ECF 205), the Defaulting Defendants were properly served the Complaint and Summonses.

### IV.    Thousand Oaks Properly Stated Claims for Its Cause of Actions in Count 1 and Default Judgment is Warranted

Thousand Oaks seeks default judgment against the Defaulting Defendants on its claims for patent infringement pursuant to 35 U.S.C. § 271(a) and 35 U.S.C. § 271(b), damages of at least a reasonable royalty for infringement of the '256 Patent, and injunctive relief pursuant to 35 U.S.C. § 283.

Thousand Oaks properly pled for patent infringement in the Complaint. In *Taltwell, LLC v. Zonet USA Corp.*, No. 3:07-cv-543, 2007 U.S. Dist. LEXIS 93465, at *37-39 (E.D. Va. Dec.

20, 2007), Judge Payne in this District applied Rule 8, as interpreted by *Twombly* (*Iqbal* was not yet decided), to a patent infringement complaint. Taking guidance from the Federal Circuit's decision in *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed. Cir. 2007), the Court identified five factors that should be alleged for a patent infringement claim to satisfy Rule 8:

(1) "that the plaintiff owns the patent at issue,"

(2) who the defendants are,

(3) "that the defendant infringed the patent,"

(4) a description, "in general terms, [of] the means by which the patent was infringed,"

and

(5) "identif[ication of] the specific parts of patent law that are implicated."

*Taltwell*, 2007 U.S. Dist. LEXIS 93465, at *39 (*citing McZeal*, 501 F.3d at 1355-60). In *Adiscov, L.L.C. v. Autonomy Corp.*, Judge Smith of this Division confirmed, in light of *Iqbal* as well, that these five factors apply to a patent infringement complaint. See No. 2:11-cv-201, Mem. Order at 4-5 (E.D. Va. Apr. 26, 2011) ("*Adiscov II*").

In Count One, Thousand Oaks pled that it has an exclusive license to enforce the '256 Patent and that the Defaulting Defendants have infringed, and continue to directly infringe, at least claims 1-19 of the '256 Patent under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

The Complaint identifies Thousand Oaks as the exclusive licensee of the '256 Patent with the right to enforce (ECF 15, ¶ 2);  names the Defaulting Defendants as defendants (*Id.*, ¶ 3, Schedule A); alleges that the Defaulting Defendants directly infringe the '256 Patent (*Id.*, ¶ 44); a description, in general terms, of the means by which the patent was infringed, (*Id.*, ¶¶ 21- 39; Exhibit B (initial claim charts); Schedule A); identification of the specific parts of patent law that

are implicated (*Id*., ¶¶ 32-34). These factors satisfy the factors identified by the Federal Circuit and this District for stating a patent infringement claim. Schedule A of the Amended Complaint also identifies the specific accused products sold by the Defaulting Defendants.

### V.    Joinder of Defaulting Defendants

Pursuant to Federal Rule of Civil Procedure 20(a)(2), multiple defendants may be joined in one action if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2)(A)-(B).  Additionally, under Federal Rule of Civil Procedure 21, the Court may, on motion or "on its own . . . on just terms, add or drop a party," including when doing so would not affect the joined parties' substantive rights and would not otherwise cause prejudice to those parties.  Fed. R. Civ. P. 21; *see Coach, Inc. v. 1941 Coachoutletstore.com*, 2012 WL 27918, at *4 (E.D. Va. Jan. 5, 2012).

Plaintiff contends here that under Rule 20, joinder of the Defaulting Defendants in a single action is proper because the facts established by the Complaint raise common questions concerning the infringement of Thousand Oaks' rights in the '256 Patent.  Further, the Defaulting Defendants may be joined under Rule 21 because "none of the defaulting defendant[s] . . . are prejudiced by joinder, as their liability is established by their own Defaulting." *LendingClub Bank v. LendingClub.com*, No. 122CV484AJTJFA, 2023 WL 2581308, at *4 (E.D. Va. Mar. 20, 2023).

### V.    Requested Relief

### A.    Thousand Oaks is Entitled to Monetary Damages

9

Thousand Oaks has been damaged and is entitled to monetary damages from the Defaulting Defendants under the Patent Act. Damages for a reasonable royalty have been calculated using a reasonably royalty rate of $5.00 per unit, determined by Thousand Oaks CEO Bryan Weisberg, which has been accepted by numerous defendants in this and related cases.

Exhibit A contains the Declaration of Bryan Weisberg. Mr. Weisberg has overseen the licensing of Thousand Oaks' patent rights for the design patent U.S. Patent No. D944,594 (the "'D594 Patent") titled "Smoker Device," in the prior Schedule A case *TOB LLC v. The Partnerships, etc.*, Case No. 1:23-cv-3378 (D. Ill. May 30, 2023). Approximately 80 licenses were acquired from defendants in that case. Most of the licensees paid five dollars per unit sold since the grant of the 'D594 Patent on March 1, 2022, which is the date when Thousand Oaks began marking its Foghat Cocktail Smoker products for this patent. (Exh. A, ¶ 4.) Thousand Oaks began marking its Foghat Cocktail Smoker products being sold under its exclusive patent rights for the '256 Patent on September 6, 2023, which is the day after patent was granted on September 5, 2023. (Exh. A, ¶ 5.) In the current case, and in the related case *Thousand Oaks Barrel Co. LLC v. The Partnerships, Etc.*, Case No. 1:23-cv-1563 (E.D. Va. Nov. 11, 2023), Thousand Oaks has granted over 145 licenses to the '256 Patent to named defendants. Most of these licenses were granted using a five dollar per unit royalty rate. (Exh. A, ¶ 6.) Based upon Weisberg's expert knowledge of the industry, from negotiating licenses for the previous case in the District Court of Illinois, and from negotiating licenses in the current cases, a reasonable royalty for the Defaulting Defendants should be five dollars per infringing unit. (Exh. A, ¶ 7.)

In response to preliminary discovery requests in this case by Thousand Oaks' counsel, Amazon.com provided Thousand Oaks with contact and sales information for the Defaulting Defendants. The information from Amazon.com was provided in Excel Worksheet format with

multiple tabs, which is too large to print out and submit here. Mr. Weisberg attests that the sales data in the table below is a true and correct copy of the data contained in the Amazon.com worksheet relating to each of the Defaulting Defendants in this case. If the Court wishes to review a copy of the Amazon Worksheet, Thousand Oaks can provide it to the Court in original electronic form. (Exh. A, ¶ 8.) The following sales data for units sold for the Defaulting Defendants in this motion is a true and correct copy of data received in this case from Amazon.com:

| Def. # | Amazon Seller Name (Sch. A) | Amazon Seller_ID | Infringing ASIN Units Sold | Calculated Royalty ($US) |
|---|---|---|---|---|
| 8 | FLYBEAST DIRECT | A1PN1D90H62TDY | 5652 | $28,260.00 |
| 15 | ecolll | A15L30FMJ6NUEZ | 1387 | $6,935.00 |
| 29 | aoiko | A359Z652EOHYXV | 198 | $990.00 |
| 32 | OSNAT | A3AC2DXARR39E1 | 1545 | $7,725.00 |
| 36 and 81 | RongHeKeJi | AGGFZ8E3PGAKV | 729 | $3,645.00 |
| 38 and 48 | jiuyishop | A257QMJ1SM0CC1 | 47 | $235.00 |
| 39 | Daaaaa Mai | A2CI961UPLGOWS | 1696 | $8,480.00 |
| 44 | Easybos | A1CYH9GJXPXOAO | 4994 | $24,970.00 |
| 47 | Top TFS | A241ERRNAIT9PD | 1847 | $9,235.00 |
| 52 | MIDA 2U | A1M83DQTQXCFDT | 186 | $930.00 |
| 53 | La Cava | A1LS7RGO6P4K0E | 349 | $1,745.00 |
| 55 | ANCHGPO | A34G1H6CW0D2KG | 368 | $1,840.00 |
| 58 | YANGYIYY | A3GYGJLMZCUHDW | 98 | $490.00 |
| 59 | DSKWR-USA | A3RCE03RQ63T9V | 31 | $155.00 |
| 66 | JAVLO | A17BR4S62M9FE1 | 153 | $765.00 |
| 75 | KAERMM | A2L97F4KLZJRL6 | 31 | $155.00 |
| 77 | TrendySupplyStore | A3H1L5RQTOYDUF | 127 | $635.00 |
| 79 | SLOW LIVING | A2XFVTJV62TO26 | 3 | $15.00 |
| 83 | Oxmok-US | A1S7BWF1QD0MUX | 304 | $1,520.00 |

| 89 | OWAYIDA | A1ET80676X8NAP | 4073 | $20,365.00 |
| 96 | Nanhe Home Furnishings | A2V1U4N0CX5I7J | 0 | $1000.00 |
| 97 | Future Charm-US | A1UOIQJDMTVAPO | 195 | $975.00 |
| 98 | Zaspaver | ADKGMWP3CE9MJ | 0 | $1000.00 |
| | | Total | 24013 | $122,065.00 |

(Exh. A, ¶ 9.)

For each of the Defaulting Defendants here, Weisberg calculated the number of units sold multiplied by $5.00, and the results are in the right-most column. These are the reasonable royalties claimed by Thousand Oaks against the Defaulting Defendants.

Exhibit B, the Declaration of Kendal Sheets, counsel for Thousand Oaks, Table I lists the actual names of the sellers in default that were provided to Thousand Oaks by Amazon.com in early discovery. (Exh. B, ¶ 7.) In many instances, the Seller in the Schedule A is only the storefront name of the defendant and not the name provided to Amazon.com for its contact information. (Exh. B, ¶ 8.) The "Seller ID" is linked to the defendants' names using the Amazon Merchant ID, which is consistent between the Schedule A Seller name and the Amazon.com production name. (Exh. B, ¶ 9.)  Thousand Oaks requests the Court to hold the Defaulting Defendants indexed in Exhibit B as the Defaulting A Defendants liable for Thousand Oaks' damages.

**B.    Thousand Oaks is Entitled to a Permanent Injunction**

Plaintiff has reached out to all of the Defendants listed in the original Schedule A (ECF 1-2), and it has dismissed those that have either settled or reached other agreements with Thousand Oaks. The Defaulting Defendants are foreign based and are unwilling to settle this lawsuit, unwilling to appear in this lawsuit, unwilling to agree to discontinue infringement and

are unwilling to maintain assets available for damages.  Plaintiff created infringement charts for each of the Defaulting Defendants that demonstrate infringement of claim 1 of the '256 Patent and attached them to the Amended Verified Complaint (ECF 15) as Exhibits B, C, and D (ECF 30-3,  30-4, and 30-5, respectively).

As alleged in Plaintiff's Amended Verified Complaint, each Defaulting Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '256 Patent by making, using, testing, selling, offering for sale and/or importing into the United States the Accused Products through Internet storefronts, namely Amazon.com.

The Defaulting Defendants created webstores and product listings for cocktail smoker goods, all the while actually selling unlicensed, infringing wares to unknowing consumers in an attempt to avoid liability by going to great lengths to conceal both their identities and the full scope of their operation. The Defaulting Defendants directly target unlawful business activities towards consumers in Virginia and cause harm to Plaintiff's business within the Eastern District of Virginia and have caused and will continue to cause irreparable injury to Plaintiff.  Plaintiff sells its patented product directly on-line and through Plaintiff's Amazon store.  The Defaulting Defendants' sales compete directly with Plaintiff's sales.  Each infringing sale is a loss of a sale for Plaintiff, causing lost profits that cannot be recovered without an injunction. The Defaulting Defendants are knowingly and intentionally importing, promoting, advertising, marketing, retailing, offering for sale, distributing, and selling infringing products within this judicial district and throughout the United States. Specifically, The Defaulting Defendants employ the user accounts listed in Schedule A in conjunction with the online platform Amazon.com to conduct online sales.  Typically, the Defaulting Defendants are paid by Amazon.com on a monthly basis,

13

but China-located sellers have an option to withdraw from their accounts on a daily basis. Through their unlawful actions, the Defaulting Defendants have infringed and are continuing to infringe Plaintiff's patent rights.

The accused products come in one of three different structural configurations. Each configuration includes all of the claimed elements: a base with a fuel chamber, a conduit portion an upper wall and a floor, where the conduit portion has a channel and an aperture in a wall of the conduit portion.

Configuration 1, holes in the side wall of the conduit, is identical in structure to Figure 5C of the '256 Patent:



Configuration 2, one hole in the bottom wall of the conduit portion, is as illustrated in below:



Configuration 3, multiple holes in the bottom wall of the conduit:



On June 21, 2024, this Court granted Plaintiff's *Ex Parte* Motion for Entry of a (1) Temporary Restraining Order, (2) Asset Restraining Order, (3) Expedited Discovery Order, and (4) Service of Process by Email (the "TRO"). *See* ECF 20. The TRO ordered Amazon.com to immediately freeze all Amazon.com accounts associated with Defendants in Schedule A to the complaint, and restrain and enjoin from transfer any monies held in such accounts until further ordered by the Court. *Id.* Amazon.com has complied with this Order and has released assets and accounts when settlements have been reached with Defendants on Schedule A.

After conducting a hearing on Plaintiff's unopposed Motion for Preliminary Injunction, the Court issued an Order for Preliminary Injunction on July 26, 2024. (ECF 69.)

### 1.    Plaintiff Requests the Court Convert the Preliminary Injunction Into a Permanent Injunction

This Court has already found that the urgency requirements for a preliminary injunction have been satisfied.  *See* ECF 69.  Plaintiff respectfully requests that this Court convert the preliminary injunction into a permanent injunction to prevent further unlawful conduct by the Defaulting Defendants.

### 2.    The Equitable Relief Sought Remains Appropriate

The Patent Act provides courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show:

(1) that it has suffered an irreparable injury;

(2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;

(3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and

(4) that the public interest would not be disserved by a permanent injunction.

*See Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007) (*citing eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

16

Further, this Court has previously entered injunctions that have restrained individuals and entities from partaking in certain activities that facilitate a defendant's unlawful actions. *See, e.g. Thousand Oaks Barrel Co. v. Freedom Oak Barrels et al,* Case No. 1:21-cv-848 [ECF 47] (E.D. Va. Jul. 21, 2021); *Montblanc-Simplo GMBH v. Ilnitsky*, 1:17-cv-415 (LMB/TCB), 2018 WL 844401, at *2 (E.D. Va. Feb. 13, 2018); *Microsoft Corp. v. Does 1-2*, No. 1:16-cv-00993 (GBL/TCB), 2017 WL 3605317, at *1-2 (E.D. Va. Aug. 22, 2017; *Volkswagen Group of America, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-01574-AJTMSN [ECF 21] (E.D. Va. Dec. 20, 2019) (granting a TRO ordering PayPal and/or Alipay to freeze funds of defendants); *Juul Labs, Inc. v. Unincorporated Ass 'ns*, Case No. 1: 19-cv-0 1126- LO-IDD [ECF 47] (E.D. Va. Oct. 11, 2019) (same); *Volvo Car Corp. et al. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00974-LO-MSN [ECF 43] (E.D. Va. Sept. 13, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00715-LO-IDD [ECF 58] (E.D. Va. July 26, 2019) (same), *Juul Labs, Inc. v. Unincorporated Ass'ns*, Case No. 1:19-cv-00575-LO-IDD [ECF 62] (E.D. Va. June 28, 2019) (same), *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01516-LO-IDD [ECF 45] (E.D. Va. Jan. 15, 2019) (same); *Juul Labs, Inc. v. The Unincorporated Associations Identified in Schedule A*, 18-cv-01382-CMH-TCB [ECF 44] (E.D. Va. Dec. 14, 2018).

Here, a permanent injunction against the Defaulting Defendants is warranted since all four elements of the Fourth Circuit's test for a permanent injunction are satisfied. First, Thousand Oaks suffered and continues to suffer irreparable injury as the Defaulting Defendants have and continue to infringe Thousand Oaks' exclusive patent rights in the '256 Patent.

Second, other remedies at law are inadequate to compensate Thousand Oaks. Despite repeated attempts to communicate with the Defaulting Defendants to  participate in this lawsuit,

17

they have failed to respond. The lack of an appropriate response shows a threat of continued infringement as well as a likely lack of cooperation by defendants with any remedy short of a permanent injunction.

Third, the only hardship that would befall the Defaulting Defendants by granting Thousand Oaks' permanent injunction would be the requirement to follow clearly established U.S. patent law. Therefore, the balance of hardships weighs in Thousand Oaks' favor, as the Defaulting Defendants would face barely any hardship at all.

Fourth, public interest favors an injunction. An injunction would prevent the public from purchasing an unlicensed, knock-off cocktail smoker product with possible dubious manufacturing aspects, which are unregulated by Thousand Oaks, from being sold by the Defaulting Defendants.  An injunction would also maintain the integrity of Thousand Oaks' exclusive patent rights that protect its commercial embodiment of the Foghat Cocktail Smoker.

Based on the foregoing, Thousand Oaks requests the Court grant its request for a permanent injunction against the Defaulting Defendants to stop their infringing and illegal importing, promoting, advertising, marketing, retailing, offering for sale, distributing, and selling activities performed based on these actions. Exhibit B, the Declaration of Kendal Sheets, lists the actual names of the sellers in Defaulting that were provided to Thousand Oaks by Amazon.com in early discovery. In many instances, the "Seller ID" in the Schedule A of defendants is only the storefront name of the defendant and not the name provided to Amazon.com for its contact information. The "Seller ID" is linked to the defendants' names using the Amazon Merchant ID, which is consistent between the Schedule A Seller ID name and the Amazon.com production name. Thousand Oaks requests the Court to enjoin the individuals and businesses indexed in Exhibit B as the Defaulting Schedule A Defendants.

**CONCLUSION**

Based on the foregoing, Thousand Oaks respectfully requests the Court grant its Motion

for Default Judgment and the relief requested.

Date: November 7, 2024                    Respectfully submitted,

                                          ___/s/___ Kendal M. Sheets
                                          Kendal Sheets (VSB No. 44537)
                                          ksheets@dnlzito.com
                                          Tel: 703-489-8937
                                          Joseph J. Zito (*pro hac vice*)
                                          jzito@dnlzito.com
                                          Tel. (202) 466-3500
                                          DNL ZITO CASTELLANO PLLC
                                          1250 Connecticut Avenue, NW
                                          Suite 700
                                          Washington, DC 20036
                                          Fax: (703) 997-7534

                                          *Attorneys for Plaintiff*