From: Anthony Rosetta

4735 North Scottsdale Rd.

Apt. 308

Scottsdale, Arizona, 85251

Phone: (609) 947-7042

September 30th, 2024

FILED MAILROOM DEC - 2 2024 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

To: DNL ZITO CASTELLANO PLLC
Attention: Kendall M. Sheets (VSB No. 44537)

1250 Connecticut Ave.

NW Suite 700

Washington DC, DC 20036

ksheets@dnlzito.com

Phone: (703) 489-8937

Fax: (703) 997-7534

CC1: Joseph J. Zito (pro hac pending)

jzito@dnlzito.com

(202) 466-3500

Re: Thousand Oaks Barrel Co. LLC, Case No. 1:24-cv-958

Dear Kendall,

The defendant is in receipt of Plaintiff's civil action (1:24-cv-958) filed on June 4th, 2024. For the record, this is the first and only official notification/communication (received by the defendant on 07/25/2024) from the Plaintiff and court regarding the civil claim in question. In Plaintiff's complaint, the Plaintiff alleges infringement of one or more claims of U.S. Patent No. 11,744,256 B2 ("the '256 Patent") titled "*Device and method for Imparting Smoked Flavors to Beverages and Foodstuffs.*"

Following defendant's review of the Plaintiff's claims, the defendant believes that:

a) Plaintiff's civil action does not fall within the jurisdiction in question (see Section 1- Paragraphs 11 & 13 below),

b) alleged infringement has no validity and/or merit (see Section 2 - Paragraph 18, Section 3 - Paragraph 20, etc.),

c) he/she has not infringed and/or does not continue to infringe the patent as outlined in the civil action,

d) there is no evidence of infringement since no claim charts, clearly illustrating how the Plaintiff views the patent infringement and how the allegedly infringing product infringes on Plaintiff's claims outlined in Paragraph 20 (pg. 6) have been provided in the civil action,

e) there may be sufficient evidence in the form of prior artwork to invalidate the plaintiff's patent (*United States Patent No. 11,744,256)* altogether.

Additionally, the defendant has significant concerns regarding patent validity as well as applicability not only for self, but all defendants named in the civil action. Furthermore, it should be noted that the defendant has immediately ceased all operations/sales of the allegedly infringing product, following receipt of first and only communication from the Plaintiff, which happens to be the civil action in question. Please see the points below for rebuttal, additional questions, and request for additional proof/information substantiating Plaintiff's claims, where outlined and/or applicable. The defendant is requesting more time for review of the requested information as well as possibility of mutually amicable resolution. The defendant reserves the right to file motion for dismissal in absence of information supporting the allegations, claims, and subsequently requested information/clarifications.

## 1) JURISDICTION AND VENUE

**Paragraphs 11 & 13 (pgs. 3-4):** In Plaintiff's claim, Plaintiff states that "*Venue is also proper in this District because a substantial part of the events or omissions giving rise to the claims occurred in this District and Defendants directly target business activities towards consumers in the States of Virginia.*"

Please note that the Plaintiff's action has no jurisdiction in the States of Virginia and/or in the Eastern District of Columbia since no products have been directly marketed/targeted for the state and/or district in question. Should the Plaintiff believe this to be incorrect, please provide proof/examples of direct marketing for the states/district in question.

Furthermore, the Plaintiff alleges that "*Defendants are doing business in this judicial district and have committed acts of infringement in this District.*" Please note this is categorically incorrect since no business is currently performed, nor has it been performed in any state since the day of receipt of first and only communication (07/25/2024) from the Plaintiff, which is the civil action itself. Please also note that all business activities specific to sales of the products associated with the claim in question have immediately seized since the receipt of Plaintiff's first and only correspondence, in an effort to further investigate the merit/validity of Plaintiff's claims.

Additionally, the Plaintiff alleges that "*Personal jurisdiction exists over Defendants because Defendants have minimum contacts with this forum as a result of business regularly conducted within the Commonwealth of Virginia and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Virginia and this District. This Court has personal jurisdiction over Defendants, in part, because Defendants do continuous and systematic business in this District, including by providing Accused Products and services to the residents of the Eastern District of Virginia through fully interactive websites that allow Accused Products to be purchased by Virginia residents and shipped to addresses in Virginia. Defendants knew the Accused Products would be used within this District, and have solicited business from the residents of the Eastern District of Virginia using the Amazon.com and Etsy.com e-commerce platforms.*"

It should be noted that none of the Defendant's business has been regularly, systematically, and/or continuously conducted within the Commonwealth of Virginia and/or within its district. Also, no business has been conducted at all following receipt (07/25/2024) of first and only communication from the Plaintiff, which is the civil action in question. Should the Plaintiff find this factually incorrect, please provide evidence of:

a) proof of continuous/regular activities,
b) proof that any purchases made in the jurisdiction in question have been made by its residents,
c) proof that the defendant knew that the Accused Products would be used within the district in question,
d) proof that the defendant solicited business from residents of the Eastern District of Virginia using Amazon.com.

## 2) BACKGROUND AND GENERAL ALLEGATIONS

**Paragraph 14 (pg. 5):** In Plaintiff's claim, the Plaintiff states that "*Defendants have flooded the online market with sales of Accused Products in violation of Plaintiff s intellectual property rights and have irreparably damaged, and are continuing to irreparably damage, Plaintiff.*"

Please explicitly qualify and quantify "flooding," with consideration of duration, frequency, and volume of defendant's sales. Furthermore, please also qualify and quantify "irreparable damage" with consideration of volume of sales as well as gross/net profits, both domestically and internationally, for the time period (which to date has not been provided by the Plaintiff) associated with alleged claims of product infringement.

**Paragraphs 15 & 16 (pg. 5):** In Plaintiff's claim, the Plaintiff states that "*Plaintiffs Foghat Cocktail Smoker Products are recognized around the world as a quality product used to add smoke flavor to cocktails and other beverages.*" Additionally, Plaintiff states that "*Plaintiff maintains quality control standards for all of its products sold under the Foghat brand.*" Please provide references as to what governing regulatory regulations, guidelines, and/or quality standards are applicable to the product in question. Please also provide what quality assurance AND quality control policies, procedures, work practices, and guidelines exist both, internally to the Plaintiff's company and/or product as well externally as to any vendor, manufacturer, distributor, and/or service provider. Additionally, please provide evidence as to what quality controls (e.g. audits, periodic assessments, evaluations, inspections) exist to ensure continuous product quality from design to production, marketing, and distribution.

Additionally, Plaintiff's claim states that "*Prior to the flood of Accused Products entering the market, sales of Plaintiffs Products via legitimate webstores represented a significant portion of Plaintiffs business.*" Please quality and quantify what is meant by "*flooding*" as well as how the Plaintiff has calculated/defined impact of the defendant's alleged sales on Plaintiff's sales, to substantiate a "*significant portion of Plaintiff's business.*"

**Paragraph 17 (pgs. 5-6):** In Plaintiff's claim, the Plaintiff states that "*In 2023, Plaintiff's chief executive officer has personally met a Chinese factory owner at a convention in Chicago, IL, who was offering for sale products at wholesale that were manufactured at the factory in China that would fall under the claims of the '256 Patent.*" Please provide the name of the Chinese factory owner, name and address of the company, as well as the name, date, and location of the convention in question. Furthermore, please provide the relevance of this statement as applicable to the defendant and/or civil claim in question.

**Paragraph 18 (pg. 6):** In Plaintiff's claim, Plaintiff states that "*On September 5,2023, United States Patent No. 11,744,256, entitled "Device and Method for Imparting Smoked Flavors to Beverages and Foodstuffs" was duly and legally issued by the USPTO. The '256 Patent claims patent-eligible subject matter and is valid and enforceable.*" Please note that the defendant does not believe the patent to be valid based on existing/prior artwork and scope. Additionally, the defendant does not believe the merit/validity of claims of infringement based on product design as outlined in the civil action. The defendant would like to request a meeting with the Plaintiff to further review the patent, including its attributes, and compare it to the allegedly infringing product. Additional commentary regarding patent validity can be found in several sections below.

Furthermore, the Plaintiff's claim states that "*Soak Limited, London, Great Britain, is the exclusive owner by assignment. Plaintiff is the exclusive licensee of the '256 Patent including the right to bring this suit for injunction and damages, including the right to sue and recover all past, present, and future damages for infringement of the '256 Patent.*" Please provide a copy of a valid license in question containing the right to bring this lawsuit for injunction and alleged damages.

## 3) THE PATENT

**Paragraph 20 (pg. 6):** In Plaintiff's claim, the Plaintiff states that "*The claims of the'256 Patent are directed to "a device for imparting smoked flavors to beverages and foodstuffs."* The '256 Patent contains nineteen claims directed to the device, where claims 1,9, and 10 are independent claims." Please note that the allegedly infringing product, amongst other elements, does not contain a "fuel chamber" and as such, does not infringe on the patent in question. Hence, as requested above, the defendant would like to request a meeting with the Plaintiff to further review the patent, including its attributes, and compare it to the allegedly infringing product.

## 4) INFRINGEMENT

**Paragraphs 22 & 23 (pg. 7):** In Plaintiff's claim, the Plaintiff states that Defendants have, under 35 U.S.C. §271(a), directly infringed, and continue to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '256 Patent by making, using, testing, selling, offering for sale

and/or importing into the United States the Accused Products." As mentioned above, the defendant does not believe he/she has infringed and/or continued to infringe on the patent in question. Should the Plaintiff believe this information to be factually incorrect, please provide proof of "continuous infringement."

Additionally, the Plaintiff's claim states that *"Defendants also indirectly infringe the '256 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively aided, abetted and induced others to directly infringe at least one claim of the '256 Patent, including their customers throughout the United States. Defendants continue to induce infringement of the '256 Patent."* The defendant denies any "indirect infringement, knowing and intentional aiding, abetting and including others to infringe at least one claim of the '256 Patent. Should the Plaintiff have any proof to the contrary, please provide it.

**Paragraph 24 (pg. 7):** In Plaintiff's claim, the Plaintiff states that *"Plaintiff has conducted a detailed analysis, establishing and confirming that Defendants' Accused Products directly infringe claims of the '256 Patent."* Please provide a copy of this analysis as well as an explanation why it has not been included in the claim in question. Please further define which patent configuration (B, C, or D) is being infringed upon. Additionally, please explain what is meant by *"The charts are submitted as examples of each of the three types of functional designs of Defendants, and Plaintiff reserves the right to modify the charts as part of Plaintiffs infringement contentions."* considering patent drawings are fixed and cannot be changed without the proper due process.

**Paragraph 28 (pg. 9):** In Plaintiff's claim, the Plaintiff states that *"Defendants and their customers have continued infringement."* This claim is categorically false. Please provide evidence of "continued infringement."

**Paragraph 30 (pg. 9):** In Plaintiff's claim, the Plaintiff states that *"Defendants have infringed, and continue to infringe, at least claims 1 -19 of the '256 Patent under 35 U.S.C. § 271(a) and/or (b), by (a) making, using, offering to sell, selling and/or importing into the United States, devices for imparting smoked flavors to beverages and foodstuffs, that infringe the asserted claims in the United States, or (b) by inducing others to use the Accused Products and/or sell the Accused Products in the United States. Defendants continue to manufacture, use, offer to sell, sell and import Accused Products. The Accused Products are also being used to infringe. Defendants continue to sell Accused Products inducing infringement by others and also continue to perform infringing activity by using the claimed devices in the United States."* This claim is categorically false. Please provide evidence of "continued infringement, induction of others to use the Accused Products and/or sale of the Accused Products in the United States, continuous manufacturing, use, offers to sell, selling and importing of Accused Products, and/or any applicable evidence of continuation of the alleged infringement."

**Paragraph 31 (pg. 10):** In Plaintiff's claim, the Plaintiff states that "The Accused Products are infringing devices and thus directly infringe '256 Patent claims 1-19. The devices include a base having a fuel chamber portion and conduit portion with a channel to an aperture, where when the fuel in the fuel chamber portion is ignited, the channel facilitates flow of smoke downward from the fuel chamber portion through the aperture and thus directly, and indirectly by inducement, infringe claims 1-19 of the '256 Patent.

The allegedly infringing product does not contain a fuel chamber, at least, and among all other claim elements. The defendant requests explicit claim charts associated with the alleged infringement as well as a subsequent meeting with the Plaintiff to further verify patent and/or attribute applicability/validity as echoed in references to Paragraphs 18 and 20 above.

**Paragraph 32 (pg. 10):** In Plaintiff's claim, the Plaintiff states that "*The '256 Patent is also infringed under 35 USC § 271(a) when an accused product is "used" by Defendant to impart smoked flavors to beverages and foodstuffs; the '256 Patent is infringed under 35 USC § 271(b) when Defendants "induce" others to use the Accused Products to impart smoked flavors to beverages and foodstuffs."* This claim is categorically false. The defendant has never used the Accused Products, nor has he/she induced others to use the Accused Products. Please provide proof.

**Paragraph 34 (pgs. 10-11):** In Plaintiff's claim, Plaintiff states that "Upon information and belief. Defendants have indirectly infringed one or more of the claims of the '256 Patent under 35 USC §271(b): (b) Whoever actively induces infringement of a patent shall be liable as an infringer, by providing Accused Products, with instructions, which are used for imparting smoked flavors to beverages and foodstuffs, thereby inducing others to use the Accused Products. Please note that no

comprehensive/complete instructions, other than a pictorial overview of assembly of items, most of which do not qualify and/or are outside of the scope of the allegedly infringing product, have been provided by the defendant with the allegedly infringing product. Should the Plaintiff believe this information to be incorrect, please provide a copy of detailed product use instructions as proof.

**Paragraph 36 (pg. 11):** In Plaintiff's claim, the Plaintiff states that *"Plaintiff has marked its smoker device products with notices of the '256 Patent. Upon information and belief. Defendants have no good faith defense to Plaintiffs infringement allegations."* Please provide proof when and where the defendant had an opportunity to examine the markings in question. There is absolutely a good faith defense as outlined in the opening paragraph of this correspondence and detailed within the subsequent pages.

**Paragraph 37 (pg. 11):** In Plaintiff's claim, the Plaintiff states that *"As a result of Defendants' infringement of the '256 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty."* Please provide evidence of "continued damage and/or suffering" in light of all business activities associated with the allegedly infringing product being ceased immediately after first correspondence/claim from the Plaintiff and/or their attorney, which happens to be the civil action in question.

**Paragraph 38 (pg. 11):** In Plaintiff's claim, the Plaintiff states that *"Defendants, without authorization or license from Plaintiff, continue to infringe the claims of the '256 Patent in connection with the advertisement, offer for sale, and sale of the Accused Products, through, inter alia, the Internet. Each Infringing Webstore offers shipping to the United States, including Virginia, and, on information and belief, each Defendant has sold Accused Products into the United States, including Virginia. The Defendants are continuing to offer to sell and sell Accused Products at least via Amazon.com and Etsy.com."* This claim is categorically false as mentioned multiple times within this response. The defendant has not sold any products and ceased all operations associated with the alleged claims of infringement immediately following receipt of the first and only communication of alleged infringement from the Plaintiff, which happens to be the civil action in question.

**Paragraph 39 (pg. 11):** In Plaintiff's claim, the Plaintiff states that *"Defendants have been willfully infringing the '256 Patent since at least as early as they became aware of the '256 Patent. On information and belief. Defendants have no good faith defense to Plaintiffs infringement allegations and have refused to cease selling products or to engage in further attempts to reach a business resolution. Instead, Defendants have intentionally continued their knowing infringement."* This claim is categorically false. Please provide evidence of "willful infringing, refusal to cease selling products, and absence of engagement in further attempts to reach a business resolution, which happens to be the actual purpose of this correspondence.

**Paragraph 40 (pg. 11):** In Plaintiff's claim, the Plaintiff states that *"Many sellers on Amazon.com and Etsy.com go to great lengths to conceal their true identities and often use multiple fictitious names and addresses to register and operate the Infringing Webstores."* Please provide evidence of any attempt to conceal and/or actual concealment of the Defendants identity. In absence of evidence, please explain the applicability of this statement to the civil claim in question.

**Paragraph 42 (pg. 12):** In Plaintiff's claim, the Plaintiff states that *"Plaintiff has no adequate remedy at law."* Please note that this statement is false based on the responses, rebuttal, and/or solicitation of further proof/evidence as outlined in this correspondence.

## 5) COUNT ONE, INFRINGEMENT OF UNITED STATES Patent No. 11,744,256 (35 U.S.C. § 271)

**Paragraphs 43-47 (pgs. 12-13):** The Plaintiff's claims contained within these paragraphs are simply re-alleged as stated in Paragraph 43 by the Plaintiff. Each of these claims has either been challenged, rebutted, and/or questioned by the defendant as outlined in the above content of this document. Additional information inclusive of a meeting with the Plaintiff has been requested/solicited where applicable to ensure timely information transparency, clarity, accuracy, and completeness.

**Paragraph 48 (pg. 13):** In Plaintiff's claim, the Plaintiff states that *"The Defendants have infringed the '256 Patent through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct have caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283."* The defendant

categorically denies this claim. As outlined numerous times within this document, the defendant maintains that he/she has not infringed and/or continues to infringe the patent as outlined in the civil action and believes there may be sufficient evidence to invalidate the plaintiff's patent (*United States Patent No. 11,744,256)* altogether.

Additionally, the defendant has significant concerns regarding patent validity as well as applicability not only for self, but all defendants named in the civil action. Furthermore, it should be noted that the defendant has immediately ceased all operations/sales of the allegedly infringing product, following receipt of first and only communication from the Plaintiff, which happens to be the civil action in question. Next, claims of "irreparable harm," including details as to what constitutes this harm or how it has been calculated, have not been substantiated/provided by the Plaintiff. Hence, given the above facts, the defendant believes that an injunction and/or injunctive relief is not applicable at this time.

Regards,

Anthony Rosetta